WILLIAM P. WILLIS AND WILLIAM H. TOWNSEND, RESPONDENTS, v. AURELIUS S. SHARP, AS EXECUTOR, ETC., OF FIDA C. SHARP, DECEASED, APPELLANT.

*Judgment against an executor carrying on business pursuant to the directions of his testatrix — a receiver of the assets of the estate will be appointed on the application of the judgment debtor.*

In this action, brought by the plaintiffs to recover for goods furnished to the defendant, the executor of Fida Sharp, which were necessary for and used by him in carrying on the tailoring business, pursuant to directions contained in her will, judgment was entered in favor of the plaintiffs adjudging that a legal charge against the estate was created by the acts of the executor, and that the judgment must be paid out of. the funds of the estate in priority to the payment of the legatees and next of kin. Thereafter, it appearing that the defendant Sharp was personally insolvent, but that there was sufficient property in the estate to pay for these goods, and that the defendant refused either to pay for the goods or to use the assets of the estate for that purpose, an order was made appointing a receiver of the assets of the estate.

*Held,* that the order should be affirmed.

APPEALS from orders appointing a receiver of the estate of Fida S. Sharp, in the hands of her executor, Aurelius S. Sharp, and directing him to pay the plaintiffs' judgments out of the same.

This case has been already considered by the General Term of this department, upon an appeal from a judgment overruling a demurrer interposed to the complaint, the decision being reported in 43 Hun, at page 435.

*Alexander V. Campbell,* for the appellant.

*W. S. Logan,* for the respondents.

PRATT, J. :

These are appeals from orders appointing a receiver of the estate of Fida C. Sharp in the hands of her executor, and directing the receiver to pay the plaintiff's judgment out of the estate.

Fida C. Sharp died in 1885, leaving an estate and a will, which expressly directed her executor to carry on a business with the funds of the estate for the benefit of her son. The estate at her death consisted of the assets of a tailoring business which she was then carrying on, and the executor continued the business under the direction in the will. The plaintiffs furnished the goods in suit to the executor on his order; they were necessary for and they were used in the course of that business. The defendant, Sharp, is personally insolvent, but there is sufficient property in the estate to pay for these goods and the executor refuses either to pay for the goods or to use the assets of the estate for that purpose.

Upon the question of the liability of this estate for the goods so furnished, this General Term stands committed, having overruled the demurrer to a complaint which involved precisely the same question. Since the overruling of the demurrer, judgments have been entered which establish the fact that the claim is a legal charge against the estate, and the question, if there can be any question about it, is whether a legal charge against an estate created by an executor for the benefit of the estate, and which has already been adjudicated, must be paid out of the funds of the estate in priority to the payment of the legatees and next of kin. The appointment of the receiver was a mere incident to enforce the judgment. It must be borne in mind that this business was carried on under the direction of the will for the benefit of the legatees and next of kin; the charge was, therefore, created by the trustee for their benefit. The estate having been benefited to the extent of the goods upon which the judgment is based, it seems to me equitable that the estate should pay the judgment. The executor was the agent of the legatees and next of kin, and if he has mismanaged the business the loss must fall upon the principals. The principle that the estate must respond for this claim is *res adjudicata* in this court.

There seems to be no question of law resting upon this appeal, except what was considered and determined in the former appeal in the order overruling the demurrer, and we see no reason for changing the views then expressed.

The order should be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not setting.

Order affirmed, with costs.